## McClintock *versus* Criswell.

1. A landlord in writing extended the lease of his tenants in considera-tion that they would make certain improvements " at their own cost." The improvements were made. The material-man entered a lien against the building under the Acts of May 1st 1861 and February 16th 1865, authoriz-ing liens for alterations, with the proviso, that there shall be no lien where the alteration has been made by the lessee " without the written consent of the owner." *Held*, that the premises were not liable to the lien.

2. The consent to repair in the agreement was only upon the condition of payment by the lessees and was not within the acts.

3. The consent intended by the acts is an absolute consent, consistent with the right to do the work on the credit of the building.

November 21st 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county:* No. 211, to October and November Term 1870.

This was scire facias on a mechanic's lien, issued July 15th 1869, by William J. Criswell against Henderson Wilson, James Robinson and Washington McClintock, for materials in the repair or additions to a store-house belonging to McClintock, the other defendants being his lessees. The amount of the claim was $100. McClintock filed an affidavit of defence in which he averred:—

" That he is not indebted to the plaintiff in this case, and that the building described in the plaintiff's lien is not subject to said lien. He further says that he is the sole owner of said house, and that the said Henderson Wilson and James Robinson, who are made defendants with him in this case, were his tenants under a written lease, a copy of which is herewith filed. He further says that the work done by the plaintiff was not done for him (the said McClintock) by his order or consent, or by the order or consent of any person authorized to act for him as his agent; but that, by the terms of the said lease, the said tenants were required to make the improvement, for which this lien is filed, at their own expense, and no authority was given to them to contract any debt for which the building would be liable."

By the lease filed with the affidavit, McClintock on the 29th of January 1868 leased a store-room to Wilson and Robinson for one year, from the 1st of April next ensuing. There was a stipula-tion for extending the lease. On the 15th of February 1869, the parties agreed, in writing, that the lease should be extended from April 1st 1870 to April 1st 1871. There was in this agreement the following covenant :—

[McClintock *v.* Criswell.]

"It is agreed, also, in consideration of the party of the first part extending this lease as above, the party of the second part is to have a new front, with glass windows and door, put in at their own cost, the same to be done in good, workmanlike manner, and of the modern style."

The Act of May 1st 1861, § 1 (Pamph. L. 550), authorizes a lien to be filed for repairs, alterations or additions, in certain counties, and by the Act of February 16th 1865, § 1 (Pamph. L. 150), it was extended to Allegheny county. "Provided, That nothing in this act shall render property liable to liens for repairs, alterations or additions, where the same has been altered by any lessee or tenant, without the written consent of the owner or owners, or reputed owners, or his or her duly authorized agent."

The lien was filed under these acts.

Judgment was entered for the plaintiff, October 5th 1869, for $101.50, for want of a sufficient affidavit of defence.

This was assigned for error by the defendant, McClintock, on the removal of the case to the Supreme Court.

*J. A. Lowrie*, for plaintiff in error.—Mechanics' liens depend entirely upon statute, beyond the terms of which they should not be extended: Bolton *v.* Johns, 5 Barr 149; McCay's Appeal, 1 Wright 128. The building not being the contractor's the plaintiff should have secured himself in the bargain. Here by the lease, if he saw it, he knew the work was to be done at the lessees' cost: Bruner *v.* Sheik, 9 W. & S. 119.

*L. B. Duff*, for defendant in error, cited Leiby *v.* Wilson, 4 Wright 63.

The opinion of the court was delivered, January 5th 1871, by

WILLIAMS, J.—This was a scire facias sur mechanic's lien, in which the court below directed judgment to be entered for plaintiff against the defendants for want of a sufficient affidavit of defence. The plaintiff's claim was for work done and materials furnished, at the request of the lessees and occupants of the building, in and for the construction of "a new front, with glass windows and door," which they had covenanted "to put in at their own cost," in consideration of the lessor's extension of the lease for another year. Is the plaintiff's claim a lien on the building as against the lessor and owner of the property? It is, if the work was done with the written consent of the owner, as required by the act under which the claim is filed, otherwise it is no lien. The only consent which the lessor gave is that which is evidenced by his covenant with the lessees binding them to make the improvement at their own cost. Undoubtedly, as between the parties to the covenant, this was a consent on the part of the lessor that the lessees might make the improvement.

[McClintock v. Criswell.]

But was it such a consent as is required by the act in order to entitle the plaintiff to a lien for the work which he did, and the materials which he furnished, at their instance, in making the improvement? The consent which he gave, if the covenant can be regarded as such, was not absolute but qualified and conditional. By its very terms it amounted to no more than a consent that the lessees might make the improvement at their own cost. Speaking through the covenant the lessor said to the plaintiff: "I consent that the lessees may put a new front in the building demised to them, provided they do it at their own cost, but not otherwise." What right, then, had the plaintiff, or what right have we to treat the consent as absolute—to take the consent without the qualification annexed to it? It seems to us that the consent intended by the act, under which the claim in this case was filed, is an absolute consent—such a consent as is consistent with the right to do the work on the credit of the building, though it may not expressly authorize it. It must not be clogged with any such condition or qualification as is inconsistent with the right to charge the building with the cost of the work, or which impliedly forbids it. For these reasons we are of the opinion that the consent evidenced by the covenant in this case is not such as the law requires. And in so deciding we do no injustice to the plaintiff. If he did the work without reference to the covenant, then he did it on the personal responsibility of the lessees, and is not entitled to charge the building for the price of the work and materials. If he looked at the covenant he had notice that the work was to be done at the cost of the lessees, and that the lessor did not intend to incur any responsibility for it whatever. What right, then, had he to do the work on the credit of the building? If he was not willing to do it on the terms assented to by the owner, he should have declined the job or exacted security for its payment. He had no right to do the work and charge the building. It follows that under the facts set forth in the affidavit of defence he was not entitled to recover, and the judgment must be reversed.

Judgment reversed, and a *procedendo* awarded.

THOMPSON, C. J., dissented.